UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
LEEANNE T. SHARP-GRACIA ,       )
                                )
        Plaintiff,              )
                                )
    v.                          )   Civil Action No. 02-1528   (PLF)
                                )
NATIONAL CITY BANK, et al.,     )
                                )
        Defendants.             )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of defendants National City Bank, National City Corporation, National Home Equity and National City Home Mortgage Co. ("National City") to dismiss plaintiff's complaint and on the separate motion of ExpressClose.com, L.L.C. to dismiss plaintiff's complaint. Upon consideration of the National City motion to dismiss, plaintiff's opposition and the National City's reply, the Court concludes that National City's motion to dismiss should be granted in part and denied in part. Upon consideration of ExpressClose.com's motion to dismiss and plaintiff's opposition, the Court concludes that ExpressClose.com's motion to dismiss should be granted in part and denied in part.

I. BACKGROUND

Plaintiff Leeanne Sharp-Gracia alleges that prior to August 3, 2001, she made arrangements to obtain a home equity loan with the National City defendants and pay off her mortgage with the National City defendants. See Compl. ¶ 5. The closing on Ms. Sharp-

Gracia's re-financing was carried out by ExpressClose.com, now RadianExpress.com ("Radian"), on the behalf of the National City defendants on August 3, 2001. See id. Ms. Sharp-Gracia alleges that defendants failed to apply the proceeds of her new home equity loan to pay off her mortgage. See id. at ¶ 6. She alleges that defendants then took adverse action against her for being delinquent on her mortgage, gave false information to various credit reporting agencies, failed to make corrections to her credit history and thus impaired her reputation for creditworthiness. See id.

Plaintiff has alleged claims of defamation and breach of contract against the National City defendants and claims of negligence, breach of fiduciary duty, and conversion against all defendants. See Compl. at ¶¶ 8-22.

## II.  DISCUSSION

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must assume the truth of the facts alleged in the complaint and may grant the motion only if it appears that plaintiffs will be unable to prove any set of facts that would justify relief. See Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); see Razzoli v. Fed. Bureau of Prisons, 230 F.3d 371, 374 (D.C. Cir. 2000); Taylor v. FDIC, 132 F.3d 753, 761 (D.C. Cir. 1997); Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997). While the complaint is to be construed liberally in considering a motion to

dismiss, the Court need not accept inferences drawn by plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  See Kowal v. MCI Communication Corp., 16 F.3d at 1276.

### A.  Breach of Contract

The National City defendants other than National City Bank contend that the breach of contract claim should be dismissed as to them because they were not contracting parties.  Plaintiff indicates that she "has no objection to having these entities dismissed upon defendant National City Bank's representation that National City Bank is the contracting defendant."  See Plaintiff's Response to Motion to Dismiss ("Pl. Nat. Opp.") at 5.  Accordingly, the breach of contract claim shall be dismissed with respect to all the National City defendants except for National City Bank.

### B.  Conversion

Both defendants contend that plaintiff has failed to state a claim of conversion.  Conversion is "any unlawful exercise of ownership, dominion or control over the personal property right of another in denial or repudiation of his rights thereto."  Curaflex Health Services, Inc. v. Bruni, 877 F. Supp. 30, 32 (D.D.C. 1995) (quoting Duggan v. Keto, 554 A.2d 1126, 1137 (D.C. 1989)).  As this Court has previously explained, money can be the subject of a conversion claim only if the plaintiff has the right to a specific identifiable fund of money.  See Curaflex Health Services, Inc. v. Bruni, 877 F. Supp. at 32.  Moreover, a cause of action for conversion "may not be maintained to enforce a mere obligation to pay money."  See id; see also Shulman v. Voyou, L.L.C., 251 F. Supp. 2d 166, 170-171 (D.D.C.

2003). Where a plaintiff's ability to gain possession of the funds in question is "wholly contingent on the defendant meeting his obligation" to transfer the funds in question, plaintiff has no immediate right of possession and therefore no property interest in the funds. Shulman v. Voyou, LLC, 251 F. Supp. 2d at 171. Plaintiff here had no ability to gain possession of the funds in question unless the agreement between the parties was properly executed, and she therefore had no property interest in the funds. Plaintiff's claims for conversion must therefore be dismissed with respect to both defendants.

*C. Remaining Claims*

With respect to plaintiff's remaining claims of breach of contract, defamation, negligence and breach of fiduciary duty, the Court cannot conclude that plaintiff will be unable to present any set of facts entitling her to relief. The complaint, though lacking in detail, alleges sufficient facts to make out a prima facie case on these claims. Accordingly, it is hereby

ORDERED that the National City defendants' motion to dismiss [4] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that defendant Expressclose.com's motion to dismiss [13] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that plaintiff's claim for conversion is DISMISSED with respect to all defendants and plaintiff's claim for breach of contract is DISMISSED with respect to defendants National City Corporation, National Home Equity and National City Mortgage; and it is

FURTHER ORDERED that the parties shall meet, confer and file a joint report pursuant to Rule 16.3 of the Local Civil Rules on or before April 14, 2004; the parties shall appear for a meet and confer status conference on April 21, 2004 at 10:00 a.m.

SO ORDERED.

_____
PAUL L. FRIEDMAN
DATE:                                                                  United States District Judge