**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEEANNE T. SHARP-GRACIA,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CITY BANK,<br>RADIANEXRESS.COM, INC.,<br>EQUIFAX CREDIT INFORMATION<br>SERVICES, INC., EQUIFAX<br>INFORMATION ) SERVICES LLC,<br>and TRANSUNION LLC,<br>foreign corporations,<br><br>Defendants. | CIVIL ACTION NO.:<br>1:02 CV 01528<br><br>JUDGE<br>PAUL L. FRIEDMAN |

**AMENDED COMPLAINT**

This Court has federal question jurisdiction of this matter under 28 U.S.C. Sec. 1391 (c), and this action is brought pursuant to 15 U.S.C. Sec. 1681, *et seq*., more particularly, Sections 1681n and 1681o of the Fair Credit Reporting Act. (15 U.S.C. Sec. 1681 *et seq*.) for negligent and willful violation of 15 U.S.C. 1681e (b), and jurisdiction is further conferred on this Court by 28 U.S.C. Section 1332 and this Court has supplemental jurisdiction over the pendant state claims.

1. The Plaintiff, Leeanne T. Sharp-Gracia, is a resident of the District of Columbia.

2. National City Bank, is a foreign domestic corporation whose principal place of business is National City Center, P. O. Box 5756, Cleveland, Ohio, 44101-0756.

3. The Defendant RadianExpress.com, Inc. (hereinafter “Radian”) is a foreign corporation, whose principal place of business is 935 E. 53rd Street, Davenport, Iowa, 52807, and was formerly known as ExpressClose.com L.L.C.

4. The Defendant Equifax Credit Information Services, Inc. and/or Equifax Information Services LLC, is a Georgia Corporation with a principal place of business at 1550 Peachtree Street, Atlanta, GA, 30309, and a mailing address of P.O. Box 4081, Atlanta GA, 30202, and is a consumer reporting agency as that term is used in 15 USC 1681a (f).

5. The Defendant TransUnion LLC is a Delaware Corporation with a principal place of business at 555 W. Adams Street, Chicago, IL, 60661, and is a consumer reporting agency as that term is used in 15 USC 1681a (f).

6. On or about July 22, 2001, plaintiff prepared and applied to National City Bank for a home equity loan for the purpose, *inter alia*, of paying off a pre-existing mortgage debt with National City Bank.

7. Upon said application, defendant National City Bank caused Radian, then known as Express.com LLC, on its behalf, to cause plaintiff to enter into a Fixed Rate Consumer Note and Security Agreement with National City Bank on or about August 3, 2001, with a stated purpose of loan to "pay-off mortgage debt," and upon which agreement defendant National City Bank, by and through ExpressClose.com LLC, required plaintiff to execute a mortgage lien on her residential property in Washington, D.C. the closing on which re-financing was accomplished by Radian for and on behalf of the National City Bank on the same date of the agreement, on August 3, 2001.

8. Thereafter, National City Bank and/or Radian failed to apply the proceeds of said loan to pay off the indebtedness as agreed to by the parties and converted the monies retained for that purpose to their own use; the National City Bank took adverse action against plaintiff for being delinquent on said original indebtedness, gave false, inaccurate and defamatory information as to the status of her account to various Credit Reporting Agencies, and has continued to fail to cause corrections to plaintiff's adverse credit history, despite repeated requests from plaintiff for said defendants to do so, and otherwise took improper or illegal actions adverse and/or detrimental to her interests.

9. Equifax Credit Information Services Inc., and/or Equifax Information Services LLC and TransUnion LLC failed to follow reasonable

procedures to assure maximum possible accuracy of the information concerning the individual about whom its reports were required, and has failed, and continues to fail, to correct plaintiff's adverse credit information despite the fact that they received information from National City Bank to do so, and have continued to provide false and misleading adverse credit information that plaintiff had been delinquent on said National City Bank account at various times since.

10. Defendants' actions as herein set out were done maliciously, willfully, wantonly, with total disregard for the rights of plaintiff, or with such gross negligence as to entitle plaintiff to punitive damages.

**Count I**

11. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 10 of the Complaint, as if fully set out herein.

12. Defendants Equifax Credit Information Services Inc., and/or Equifax Information Services LLC and TransUnion LLC failure to follow reasonable procedures to assure maximum possible accuracy of the information concerning plaintiff by failing and continuing to fail to correct plaintiff's adverse credit information, and by continuing to provide false and misleading adverse credit information that plaintiff

had been delinquent on said National City Bank account is a violation of 15 U.S.C. 1681e (b).

13. As a result of defendants' Equifax Credit Information Services Inc. and/or Equifax Information Services LLC and TransUnion LLC negligence and/or intentional conduct in violation of 15 U.S.C. 1681e (b), plaintiff has had her credit reputation impaired, has been denied credit opportunities, has otherwise suffered economic loss, mental anxiety, inconvenience and aggravation, all to her damage in an amount in excess of $75,000, exclusive of interest in costs.

**Count II**

14. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 13 of the Complaint, as if fully set out herein.

15. On dates subsequent to the closing, National City Bank defamed plaintiff by misrepresenting the status of the account subject to closing on August 3, 2001, by telling said credit bureaus that plaintiff was in arrears on said loan, and otherwise allowing negative credit information to continue in plaintiff's name when said defendant knew, or should have known, it was incorrect.

16. As a result of the defamatory representations of National City Bank plaintiff has had her credit reputation impaired, has been denied credit opportunities, has otherwise suffered economic loss, has suffered mental anxiety stress, inconvenience and aggravation, all to her damage in an amount in excess of $75,000, exclusive of interest and costs.

**Count III**

17. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 16 of the Complaint, as if fully set out herein.

18. Despite plaintiff's entering in to the aforesaid Fixed Rate Consumer Note and Security Agreement, closing on said loan, and entrusting National City Bank with the proceeds of said loan for distribution to pay off her pre-existing mortgage debt occurred on August 3, 2001; Defendant National City Bank failed to pay-off said pre-exiting debt until some time prior to April, 2002, and did not cause her pre-existing mortgage lien to be released until April, 2002.

19. The actions of National City Bank in failing to timely pay off plaintiff's pre-existing mortgage debt, *inter alia*, constituted a breach of the Fixed Rate Consumer Note and Security Agreement which it caused her to sign on August 3, 2001.

20. As a result of the breach of contract by National City Bank, plaintiff has had her credit reputation impaired, has been denied credit opportunities, has otherwise suffered economic loss, has suffered mental anxiety stress, inconvenience and aggravation, all to her damage in an amount in excess of $75,000, exclusive of interest and costs.

**Count IV**

21. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 20 of the Complaint, as if fully set out herein.

22. The actions of National City Bank and Radian in doing the aforesaid acts were negligent, and violated their duties of due care owed to plaintiff.

23. As a result of the negligence of these defendants, plaintiff has had her credit reputation impaired, has been denied credit opportunities, has otherwise suffered economic loss, has suffered mental anxiety stress, inconvenience and aggravation, all to her damage in an amount in excess of $75,000, exclusive of interest and costs.

**Count V**

24. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 23 of the Complaint, as if fully set out herein.

25. The actions of National City Bank and Radian in doing the aforesaid acts constituted a breach of their fiduciary duties to plaintiff.

26. As a result of these defendants' breach of fiduciary duties to plaintiff, plaintiff has had her credit reputation impaired, has been denied credit opportunities, has otherwise suffered economic loss, has suffered mental anxiety stress, inconvenience and aggravation, all to her damage in an amount in excess of $75,000, exclusive of interest and costs.

WHEREFORE, Plaintiff prays for compensatory and punitive damages on some or all of the Counts herein, for attorneys' fees and costs, and for such other and further relief as this Court deems proper.

**PLAINTIFF RESPECTFULLY REQUESTS A TRAIL BY JURY**

Respectfully submitted,

LEEANNE T. SHARP-GRACIA,
Plaintiff

By______________________________
________
Of Counsel

Charles R. Both, Esquire
Washington D.C. Bar No. 42424
Yablonski, Both & Edelman

1140 Connecticut Avenue, N.W.
Suite 800
Washington, DC 20036
(202) 833-9060

Patrick S. Cassidy, Esquire
Cassidy, Myers, Cogan,
Voegelin & Tennant, L.C.
The First State Capitol
1413 Eoff Street
Wheeling, WV 26003
(304) 232-8100
(304) 232-8200 fax
pcassidy@cmcvt.com

**CERTIFICATE OF SERVICE**

Service of the foregoing AMENDED COMPLAINT was had upon the following by mailing a true and correct copy thereof, by United States Mail, postage pre-paid, this ___ day of April, 2004 as follows:

James M. Burns, Esq.
VORYS SATER SEYMOUR and PEASE LLP
1828 L Street N.W. Suite 1100
Washington, D.C. 20036

Susan E. Seabrook, Esq.
LEBOEUF, LAMB, GREENE & MACRAE, LLP
1875 Connecticut Ave., N.W., Suite 1200
Washington, D.C. 20009

___________________________________

C:\My Documents\graciaAMENDED COMPLAINT. GRACIA (PSC4257).wpd